UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

JAMI HINES,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )        Case No.: 4:20-cv-80
                                     )
ACCULEVEL, INC.,                     )
                                     )
            Defendant.               )

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I.   STATEMENT OF THE CASE

1. Plaintiff, Jami Hines (hereinafter "Hines" or "Plaintiff"), brings her Complaint against Defendant, Acculevel, Inc. (hereinafter "Defendant"), for its violations of Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the ADA Amendments Act of 2008 ("ADAAA"). Plaintiff contends she was subjected to discrimination based on her disability.

## II.   PARTIES

2. Hines resides within the geographical boundaries of the Northern District of Indiana.

3. Acculevel, Inc. is an Indiana based domestic for-profit corporation with a principal office location of 9495 North Waldron Road, Rossville, Indiana 46065.

## III.   JURISDICTION AND VENUE

4. Hines is an "employee" within the meaning of 42 U.S.C. § 12111(4).

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5).

6. Hines satisfied her obligation to exhaust her administrative remedies by having timely filed U.S. Equal Employment Opportunity Commission Charge Number 470-2020-00980 against

Defendant alleging discrimination in violation of the ADA and ADAAA, as amended, because of her disability, cancerous neuroendocrine tumor in her small intestine. Hines received her Notice of Right to Sue from the EEOC on September 12, 2020, and hereby timely files this lawsuit.

7.  Jurisdiction is conferred on this Court by the ADA and ADAAA; 42 U.S.C. § 12117, and 28 U.S.C. § 1331.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter have arisen in the geographical purview of the Northern District of Indiana.

## IV.   FACTUAL ALLEGATIONS

9.  Hines was hired by Defendant in March of 2017 as a finance manager under the supervision of Nolan Beery ("Beery").

10. On October 28, 2019, Hines underwent a colonoscopy procedure.

11. On December 12, 2019, Hines attended her first oncology appointment.

12. On December 19, 2019, Hines attempted to engage Beery verbally to request accommodations regarding her medical condition and future appointments.

13. During her conversation with Beery, Hines requested accommodations and flexibility to do the following: attend all doctor and procedure appointments; conduct phone calls to schedule, cancel and obtain results regarding her medical condition and appointments; and flexibility to work from home as needed.

14. Hines did not receive any feedback or response, verbally or in writing, from Beery regarding her request for accommodations.

15. On December 24, 2019, Hines underwent a CT/PET scan.

16. On December 26, 2019, Hines received the results of her scan and informed Beery that she was diagnosed with cancer (neuroendocrine tumor in the small intestine).

17. On January 7, 2020, after not receiving any response or feedback regarding her request, Hines made her request for accommodations in writing not only to Beery again, but also to Andrew Beery and Neil Beery; these written requests were the same as Hines' verbal requests on December 19, 2019, with the addition of the following requests: work week not to exceed 40 hours; any hours over 40 will be considered comp time; continued flexibility to work from home; and flexibility to attend all doctor and procedure appointments as well as phone calls to schedule/cancel/to obtain results.

18. On January 10, 2019, Hines sent a second written letter to Beery, Andrew Beery and Neil Beery, including her previous requests for accommodations and, in addition, a request for two (2) weeks' leave from work for surgery scheduled on January 24, 2020 with a return date of February 7, 2020 to work from home while she recovered from surgery.

19. On January 15, 2020, Hines met with Beery and Andrew Beery, following which conversation Beery informed Hines that her employment with Acculevel was terminated.

20. On February 28, 2020, Hines filed her Charge of Discrimination against Defendant with the EEOC.


## V.   LEGAL ALLEGATIONS

21. Plaintiff hereby incorporates paragraphs one (1) through (20) as set forth herein.

22. Plaintiff has a physical condition that is serious enough to substantially limit a major life activity, and has a record of disability.

23. Plaintiff has been discriminated against because of her disability.

24. Defendant refused to make a reasonable accommodation for Plaintiff's disability.

25. Defendant's actions and omissions violated the ADA and ADAAA, 42 U.S.C. § 12101 *et seq.*

## VI.   <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Jami Hines, requests that judgment of this Court be held in her favor as follows:

1. Order Defendant to pay her any and all lost wages and the monetary value of all benefits associated with her employment;

2. Order Defendant to pay her compensatory damages for the mental anguish and consequential harm she suffered;

3. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

4. Order Defendant to pay interest on all sums recoverable; and

5. Award to Plaintiff all other relief that is just and proper.

Respectfully submitted,

GOODIN ABERNATHY, LLP


/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Jami Hines, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP


/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

4

Christopher E. Clark, Atty No. 18577-29
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
cclark@goodinabernathy.com
03-109